ESEQUIEL SOSA-ZAMARRIPA,

     Petitioner,

v.                                         CASE NO:  8:09-CV-2129-T-30TGW
                                                Crim. Case No: 8:08-CR-115-T-30TGW

UNITED STATES OF AMERICA,

     Respondent.

_____/

# ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) filed on October 19, 2009, and Memorandum in Support (CV Dkt. # 2) filed on October 19, 2009, and the Government's Response thereto (CV Dkt. # 5).

## BACKGROUND

Petitioner, ESEQUIEL SOSA-ZAMARRIPA (hereinafter referred to as "Sosa" or "Petitioner"), was arrested on August 22, 2008.  Petitioner was charged by indictment with (1) Illegal Re-Entry of a Deported Alien After an Aggravated Felony in violation of 8 U.S.C. § 1326(b)(2).  Petitioner pled guilty to Count One of the Indictment on September 10, 2008, and was sentenced on December 16, 2008.  Because the guidelines call for a 16-level enhancement in sentencing for unlawfully entering the United States after deportation

following a conviction of a felony for a crime of violence, Petitioner was sentenced to a prison term of 46 months.

Petitioner did not file an appeal and now brings this § 2255 motion to vacate and set aside his 46 month sentence. Petitioner has two grounds for his claim: (1) his counsel was ineffective because he did not object to the 16-level enhancement during sentencing and (2) his counsel was ineffective because he did not appeal the case to the Eleventh Circuit.

## DISCUSSION

Under § 2255, Petitioner moves the District Court to vacate, set aside, or correct his sentence claiming defense counsel was constitutionally ineffective for failing to object to the Petitioner's sentence being increased 16 levels because of his prior conviction for aggravated assault, and for failing to file an appeal to the Eleventh Circuit.

In order to have a valid ineffective assistance of counsel claim Petitioner must demonstrate (1) his counsel's performance fell below an objective standard of reasonable professional assistance and (2) he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688, 693 (1984). The burden is on the Petitioner to prove counsel's performance was unreasonable and prejudicial. *Chandler v. U.S.*, 218 F.3d 1305, 1313 (11th Cir. 2000). According to *Strickland*, if the Petitioner fails to meet either prong, then the court may dispose of the claim for lack of sufficient evidence. *Strickland*, 466 U.S. at 697.

In this case, Petitioner did not provide evidence for either prong of the *Strickland* test. The burden of proving ineffective counsel is a heavy one. *Chandler*, 218 F.3d at 1313.

Petitioner must prove that "no competent counsel would have taken the action that his counsel did take." *Id.* at 1315. In his Memorandum in Support of Motion, Petitioner does not describe, explain, or illustrate how his counsel was ineffective other than declaring that he should have objected to the USSG § 2L1.2(b)(1)(A) 16-level enhancement.

USSG § 2L1.2(b)(1)(A)(ii) provides a 16-level enhancement for unlawfully entering the United States after deportation following a conviction of a felony for a crime of violence. Petitioner had a previous conviction of aggravated assault, which is among the felonies that qualify as a "crime of violence." USSG § 2L1.2(b)(1)(A)(ii), cmt. n.1(B)(iii). An objection to this enhancement without a valid reason would have been non-meritorious. Counsel is not ineffective for not making a non-meritorious objection. Therefore, this ground fails.

Secondly, Petitioner claims his lawyer was ineffective for failing to file an appeal in his case. Petitioner has a right to effective counsel for a direct appeal. *Byrd v. Smith*, 407 F.2d 363, 365 (5th Cir. 1969). But Petitioner does not claim that he asked his counsel to appeal to the Eleventh Circuit, nor does he claim that his counsel failed to speak to him regarding his appeal. If Petitioner did not express his desire to appeal to his counsel, then his counsel cannot be deemed ineffective.

And, at sentencing, Petitioner was given a "Declaration of Intent to Appeal" form, which stated whether Petitioner did or did not want to file an appeal. He was directed to complete the form and file it with the Clerk at the end of the ten day notice of appeal period. At the end of his sentencing hearing, the Court told Petitioner that "[i]f you do not return the form, [the Court] will accept that as an acknowledgment that you do not wish to file an

appeal and that that was an informed and voluntary choice on your part." *U.S. v. Sosa-Zamarripa*, Transcipt of Sentencing Hearing (CR Dkt. # 25), pages 7-8. Petitioner did not return the form. Accepting the failure to return the form as a knowing and voluntary choice not to appeal, Sosa will not now be heard to claim otherwise. For the above reasons, this ground fails.

## CONCLUSION

It is therefore **ORDERED AND ADJUDGED** that:

1.      Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is **DENIED**.

2.      The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3.      The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.# 22, in the underlying criminal case, case number 8:08-CR-115-T-30TGW.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong,"
*Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484
(2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed
further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463
U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these
circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in
forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on May 18, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE


**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2009\09-cv-2129.deny 2255.wpd